IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

|  |  |
|---|---|
| ANDREW WILLIAM ECKERD,<br><br>    Plaintiff,<br><br>    v.<br><br>THE GEORGIA DEPARTMENT OF CORRECTIONS; STATE OF GEORGIA; JENNIFER S. CANNON; JUDGE STEPHEN D. KELLEY; and BRUNSWICK CIRCUIT PUBLIC DEFENDER'S OFFICE,<br><br>    Defendants. | CIVIL ACTION NO.: 2:17-cv-21 |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Hays State Prison in Trion, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff seeks leave to proceed *in forma pauperis*, (docs. 6, 17), and has filed a Motion to Appoint Counsel, (doc. 13). Additionally, Plaintiff filed a Motion to Amend/Correct Complaint, (doc. 14), and a Motion for Extension of Time to File Amended Complaint, (doc. 18).

For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Extension of Time to File Amended Complaint, (doc. 18), and **GRANTS** Plaintiff's Motion to Amend/Correct Complaint, (doc. 14). Accordingly, the Court will evaluate Plaintiff's action with the Amended Complaint as the operative pleading. Nonetheless, the Court **DENIES** Plaintiff's Motions to Proceed *in Forma Pauperis*, (docs. 6, 17), and **DISMISSES as moot** Plaintiff's Motion to Appoint Counsel. I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, (doc. 1),

**without prejudice** for Plaintiff's failure to follow this Court's Orders, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S ALLEGATIONS

In his original Complaint, Plaintiff alleged a litany of claims regarding his criminal case in the Glynn County Superior Court and certain conditions of his confinement. In the Court's May 12, 2017, Order, the Court advised Plaintiff that his Complaint asserted multiple, unrelated claims and, therefore, failed to state a claim. (Doc. 12, p. 4.) The Court provided Plaintiff an opportunity to amend his Complaint and gave him specific instructions for doing so.[1] (Id. at pp. 4–5.) Despite the Court's warning and detailed instructions for amending his Complaint, Plaintiff's Amended Complaint still contains multiple, unrelated claims regarding his underlying criminal case and conditions of confinement claims.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of §

---

[1] Plaintiff claims he received the Court's May 12, 2017, Order on May 22, 2017. (Doc. 18, p. 1.) Although Plaintiff filed his Motion to Amend/Correct Complaint prior to his receipt of the Court's May 12, 2017, Order, Plaintiff did not draft his Amended Complaint until June 1, 2017. (Doc. 21, p. 21.) Accordingly, Plaintiff was apprised of the Court's instructions regarding the proper amendment of his Complaint prior to the submission of his Amended Complaint.

1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Plaintiff's Motion for Extension of Time and Motion to Amend, (Docs. 14, 18)

In his Motion for Extension of Time to File Amended Complaint, (doc. 18), Plaintiff avers that he did not receive the Court's May 12, 2017, Order until May 22, 2017, because he was transferred to Hays State Prison after the Court mailed that document to Johnson State Prison. Because Plaintiff notified the Court of his change of address upon his transfer to Hays State Prison, (doc. 15), it appears that he was unable to timely respond through no fault of his own. Accordingly, the Court **GRANTS** Plaintiff's Motion for Extension of Time to File Amended Complaint, (doc. 18), and considers his Amended Complaint, (doc. 21), timely filed. Therefore, the Court **GRANTS** Plaintiff's Motion to Amend/Correct Complaint, (doc. 14), and evaluates Plaintiff's action with the Amended Complaint as the operative pleading. To be clear, the Court does not grant Plaintiff leave to file another Amended Complaint. Rather, the Court considers the Amended Complaint already filed as the operative Complaint.

## II.     Dismissal for Failure to State a Claim and Failure to Follow this Court's Orders

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem.

---

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633.  However, in this case, Plaintiff was forewarned that his failure to file an appropriate Amended Complaint could result in the dismissal of his cause of action for failure to prosecute and failure to follow this Court's Orders. (Doc. 22, p. 4.)

5

Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

This Court issued an Order on May 12, 2017, directing Plaintiff to amend his Complaint and provided specific instructions as to how Plaintiff could amend his Complaint to state a plausible claim. (Doc. 12.) Specifically, the Court instructed Plaintiff to, *inter alia*, "only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences." (Id. at p. 5.) The Court warned Plaintiff in its May 12, 2017, Order that "the Court will dismiss this case for failure to prosecute and failure to follow a Court order" if Plaintiff failed to abide by the Court's directives. (Id. at p. 6.) However, Plaintiff ignored the Court's instructions and restated multiple, unrelated claims concerning his criminal case in the Glynn County Superior Court and conditions of his confinement. Moreover, Plaintiff's Amended Complaint is still a "shotgun pleading" that is unclear as to which facts are "material to the particular cause of action asserted" and fails to state a claim. Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, L.L.C. v. Spear, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002)).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted, as Plaintiff failed to follow the Court's Order to properly amend his Complaint. See Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to

6

dismissal); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service).

Accordingly, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint, without prejudice, for failure to follow this Court's Orders. As a result, the Court **DENIES** Plaintiff's Motions to Proceed *in Forma Pauperis*, (docs. 6, 17), and **DISMISSES as moot** Plaintiff's Motion to Appoint Counsel, (doc. 13).

## V.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action

---

[3] A certificate of appealablity is not required in this Section 1983 action.

7

is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons laid out above, the Court **GRANTS** Plaintiff's Motion for Extension of Time to File Amended Complaint, (doc. 18), and **GRANTS** Plaintiff's Motion to Amend/Correct Complaint, (doc. 14). Nonetheless, the Court **DENIES** Plaintiff's Motions to Proceed *in Forma Pauperis*, (docs. 6, 17), and **DISMISSES as moot** Plaintiff's Motion to Appoint Counsel. I **RECOMMEND** that the Court **DISMISS** Plaintiff's action, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 11th day of July, 2017.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA